The Deputy Commissioner resolved the issues raised by the conflicting evidence with the benefit of hearing the witnesses first-hand, and her decision is fully by supported by competent evidence. Fluctuations in a compensable condition occasioned by slight or normal exertion outside the workplace are not considered independent or intervening injuries. Heatherly v. MontgomeryComponents, Inc., 71 N.C. App. 377, 379-80, 323 S.E.2d 29 (1984).
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following was entered into by the parties at the hearing before the Deputy Commissioner as a
STIPULATION
Defendant paid compensation to plaintiff from December 11, 1992 to April 1, 1993.
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. On November 30, 1992 plaintiff was employed by defendant as a truck driver. He sustained a compensable injury on that date as he was working under his truck connecting a tandem trailer when he jumped up suddenly and hit his left shoulder on the frame of the trailer. Following the injury, he continued driving the truck until December 9 when he returned to North Carolina. On December 11 he saw Dr. Lee, his family doctor, for complaints of pain in his left shoulder and scapula area. An x-ray shows a fracture of his left clavicle. Dr. Lee treated him with medication, a brace and trigger joint injections for persistent complaints of pain.
2. By January 19, 1993 plaintiff was doing much better and Dr. Lee indicated that he could return to work on January 25. However, on January 23 plaintiff reached down to pick up a log at home and experienced the onset of increased symptoms which were similar to those he had had in December. Dr. Lee subsequently referred him for physical therapy in addition to prescribing further medication.
3. Plaintiff's condition improved with therapy and on April 12, Dr. Lee released him to return to work on April 15. However, he had another flare-up when he reached down to pick up a piece of wood at home, so he was unable to return to work as scheduled. Dr. Lee then recommended that he see an orthopedic surgeon and an appointment was arranged. However, plaintiff canceled the appointment because defendant, who had previously admitted liability for workers' compensation benefits, was not paying for his medical treatment, had stopped payment of compensation and was refusing to pay for the evaluation. He could not otherwise afford to pay for it.
4. On May 27, 1993 Dr. Lee again released plaintiff to return to work and on this occasion he went back to work for defendant. Dr. Lee did not think that he would have any permanent partial disability as a result of this injury.
5. Plaintiff continued to have some problems with his shoulder and also developed symptoms of numbness and tingling going into his left hand. On November 10, 1993 he began seeing Dr. Eglinton, an orthopedic surgeon. Dr. Eglinton ordered a variety of diagnostic tests to attempt to sort out his problems. He began to complain of some neck pain in addition to his shoulder, arm and hand symptoms. Dr. Eglinton ultimately concluded that he had three separate problems which, although independent from each other, could cause similar symptoms. He had carpal tunnel syndrome, cervical spondylosis at C5-6 and C6-7, and impingement syndrome of the left shoulder. Only the shoulder problem was related to his injury at work, however.
6. As of January 11, 1994 plaintiff's left shoulder symptoms had not resolved with conservative treatment. Since he still had restricted movement, Dr. Eglinton recommended a diagnostic arthroscopy and shoulder decompression. However, defendant would not authorize it so the surgery was canceled. Dr. Eglinton had not seen plaintiff again by the time his testimony was taken.
7. As a result of the injury by accident giving rise to this claim, plaintiff was unable to work from December 11, 1992 through May 26, 1993. Although there were episodes in January and in April when his symptoms were exacerbated by activities at home, his underlying condition was susceptible to fluctuating so that the symptoms could essentially resolve but then return with normal activity. The shoulder condition for which he was treated after January 19, 1993 was a direct and natural result of his injury.
8. The treatment by Dr. Lee and Dr. Eglinton tended to effect a cure, give plaintiff relief and lessen his disability. There is no evidence that defendant provided or required other medical treatment.
9. Plaintiff missed approximately three weeks of work in January 1994. However, Dr. Eglinton did not indicate that he was disabled during that time as a result of his shoulder injury. In view of Dr. Eglinton's testimony and the fact that he had other medical conditions unrelated to his injury, he did not prove that he was unable to work during that time as a proximate result of his November 30, 1992 injury by accident.
10. Since plaintiff had not reached maximum medical improvement as of the date of hearing, no finding is made regarding the extent any permanent partial disability he may sustain as a result of this injury. Dr. Eglinton was continuing to recommend further treatment which was reasonably necessary in order to treat his shoulder problem.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Plaintiff is entitled to additional compensation at the rate of $366.69 per week for seven and six-sevenths (7 6/7) weeks for the temporary total disability he sustained as a result of this injury by accident for the period from April 2 through May 25, 1993. N.C.G.S. § 97-29.
2. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. However, he is not entitled to have the treatment for his carpal tunnel syndrome and cervical spondylosis provided in that those conditions were not related to his injury. N.C.G.S. §§ 97-2(19),97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay compensation to plaintiff at the rate of $366.69 per week for seven and six-sevenths (7 6/7) weeks for his additional temporary total disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for the same have been submitted through the defendant to the Industrial Commission and approved by the Commission.
3. An attorney's fee in the amount of $720.28 is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. Reynolds.
4. Defendant shall pay the costs.
 S/ _____________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ____________________ COY M. VANCE COMMISSIONER
JRW/tmd 3/31/95